### W. A. Shaffer *v* The Heirs and Creditors of B. Cross and Wife.

The inventory of the estate, which served as the measure of the administrator's bond, is the basis upon which to estimate the commissions of the administrator, and not an inventory taken subsequently without any new bond being given by the administrator.

When a bill of particulars is called for in a suit by an attorney-at-law for services rendered, it need not specify the charge for each item of service, and it is no objection to it that it makes an aggregate claim larger than that claimed in the petition.

The object of the bill of particulars is to show the nature and extent of the services to enable the court to judge of their value in the aggregate, and no greater amount could be allowed than that claimed in the petition.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. *C. Belcher*, for plaintiff. *Beatty & Bush*, for opponents and appellants.

Spofford, J. 1. As to the compensation of the administrator, which forms one of the items of controversy between these parties, the evidence is insufficient to establish a legal contract between him and the heirs to carry on the administration for a stipulated salary in lieu of commissions.

His commissions must, therefore, be determined by the law.

The charges made in the tableaus which had been homologated previous to the final tableau, are not now open to revision, no appeal having been taken from those judgments of homologation.

There is no error to the prejudice of the appellants in the allowance made for administrator's commissions in the last tableau.

But the administrator answering the appeal, contends that his commissions as charged were erroneously reduced by the District Judge, who took the inventory of 9th Nov., 1853, as the basis upon which to estimate commissions, instead of an inventory taken three years afterwards and long subsequent to the appointment of *Mr. Shaffer* as administrator.

The District Judge did not err. The inventory first taken was that which served as the measure of the administrator's bond, and as no new bond was given by him, he should not derive an advantage from the fluctuation in the value of the property inventoried, as he would not have been subjected to loss in case of its depreciation.

2. The fees of *Messrs. Connelly & Rightor*, attorneys, are opposed, and it is contended that the sum charged by them and allowed by the court ($2,500) is excessive, and is not properly chargeable to the whole succession.

When ruled to file a bill of particulars, they answered by detailing their services and affixing prices to each item, which make an aggregate of about $1,000 more than the total sum really claimed by them for their services.

A bill of exceptions was taken to the refusal of the court to require the attorneys to make out a new schedule of fees in items which would only make an aggregate of $2,500, the sum claimed.

We see no such error in this ruling as would justify any action on our part in relation to it.

The object of the bill of particulars was merely to show the nature and extent of the services of counsel specifically, and thereby to enable the court and the witnesses better to judge of their value. There is no statute fixing the fees of counsel for such work as was done by *Messrs. Connelly & Rightor*.

Under the pleadings, they could not claim more than $2,500 in all; the bill of particulars need not have specified the charge for each item of service; and by stating too large a sum, no harm could be done to the opponents.

The question is, were the services as detailed in the bill, reasonably worth the sum of $2,500 in the aggregate? Under the evidence and from an inspection of the work done, we are unable to say that the District Judge erred in answering the question affirmatively.

But some of the heirs contend that the succession should not pay all these fees, because only a portion of the heirs benefited by a part of the services for which they are changed.

There were debts to a heavy amount hanging over the succession; an administration was necessary; the sale whereby a partition between the heirs was effected, was made also to pay debts; and the professional services rendered by these counsel appear to have redounded to the advantage of all the heirs, and are properly chargeable against the succession.

3. Objection is made to an item of $24 10 for costs of a transcript in the case of *Egana* v. *Shaffer, Administrator*, in which the administrator took an appeal, which he afterwards abandoned at the request of the heirs.

There is no evidence that the administrator acted improvidently in taking the appeal. If the heirs afterwards chose to abandon it, they cannot throw the costs necessarily incurred in the prosecution of a legal right upon the administrator, without showing an abuse of his trust.

4. There was no opposition to the items No. 24, No. 33, No. 37 and No. 38, amounting in all to only $89 15, in a succession worth over $150,000, which appears to have been well administered. If *Mr. Shaffer* has not already paid these small items he is personally liable for them, and there seems to be no reason to apprehend that the appellants will ever be called upon to pay twice. If they intended to hold him to a production of vouchers for them, they should have opposed the items.

Judgment affirmed.